In the Matter of HELEN ECKERMAN, Petitioner, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and YALE LAND COMPANY, Intervener, Respondent.

Supreme Court, Special Term, Queens County, April 13, 1949.

*Abram Shlefstein* and *Joseph Katz* for petitioner.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner* and *Saul Moskoff* of counsel), for respondents.

*Reginald S. Hardy* for intervener, respondent.

CUFF, J. Petitioner, in this proceeding to review the action of respondents, constituting the board of standards and appeals of the city of New York, is a purchase-money mortgagee on a parcel of real estate which petitioner states is affected by the respondents' action in granting a variance to the zoning resolution of the city of New York. Also before the court as intervener is the person in whose favor respondents granted the said variance. The facts are: Intervener, in 1941, filed an application for a variance of the zoning resolution of the City of New York to permit him to establish a gasoline service station at the corner of Horace Harding Boulevard and Little Neck Parkway, Queens Borough. For reasons not germane here, the application was not considered until December 11, 1945, when, at intervener's request, it was placed upon respondents' calendar for action. (Petition, pars. 9–11, and respondents' amended answer, pars. 24–26. Hereafter, when citations are given, "Pet." will indicate petition and "Ans." will indicate respondents' amended answer, while the numeral will refer to the paragraphs.) Public notice was duly given and a public hearing duly held on June 11, 1947, and July 15, 1947. (Pet. 12 and Ans. 30, 35.) On July 15, 1947, a resolution by respondents was adopted granting intervener's application. (Ans. 36.)

The resolution recited that respondents regarded the application as one " in which to exercise its discretion to grant a variance *under Section 7f* of the Zoning Resolution ". (Pet. 18; Ans. 36.)

On August 15, 1947, petitioner instituted a proceeding to review respondents' above action. Intervener, recognizing that respondents' resolution granting the variance contained an error, in that it recited that the application was based upon subdivision (f) of section 7 whereas it should have stated that it was based upon subdivision (e) of section 7 of the Zoning Resolution, moved in that certiorari proceeding to have the matter remitted to respondents for the purpose of amending and correcting its resolution. That motion was granted (N.Y.L.J., Dec. 16, 1947, p. 1782, col. 6, KLEINFELD, J.). The parties disagree as to the import of the order which was entered pursuant to that decision. Petitioner claims that the order remitted the matter to respondents for a proceeding *de novo,* while intervener and respondents maintain that the remission was to accomplish the formal correction changing therein the words " Section 7f " to " Section 7e " and for no other purpose. The decretal paragraph of said order reads as follows:

" Ordered, that the said motion be and it hereby is granted; and

"Further Ordered, that this proceeding be and it hereby is remitted to the Board of Standards and Appeals of the City of New York."

Of course, whether there was to be a hearing *de novo* when the matter was remitted makes a vast difference for attitudes and facts may well have changed substantially between July 15, 1947, when the public hearing on the merits of the application was held, and December 29, 1947, when the remission order was entered. (See correspondence set forth in Pet. 37.)

The order, it will be noted, remitted the matter without any limiting language. That order concluded that certiorari proceeding. When the matter came before respondents on May 25, 1948, pursuant to that order, respondents acted upon the theory that it had considered the merits of the application on June 17, and July 15, 1947, and merely affirmed its prior action and amended its prior resolution (July 15, 1947) by adopting another resolution stating "that the resolution adopted by the Board on July 15, 1947 is hereby affirmed under Section 7e (instead of Section 7f as formerly stated in application which was inapplicable)". (Pet. 39; Ans. 45.)

The proceeding at bar was instituted by petitioner to review this latter action of respondents.

Respondents and intervener move to dismiss petitioner's petition. Both question the merits of petitioner's suit on the law but intervener challenges petitioner's right to maintain the proceeding on the ground that she is not the aggrieved person to which class the right to bring this suit is restricted. (Administrative Code, § 668e–1.0, subd. a.) The jurisdictional objection must receive prime consideration. The undenied fact is that about three months prior (May 27, 1948) to the commencement of the proceeding at bar (August 19, 1948), petitioner sold the real estate that she owned, taking back a purchase-money mortgage, so that when she started this suit she was merely a mortgagee (intervener's supplementary affidavit on motion to dismiss the proceeding at bar).

Is a mortgagee a "person * * * aggrieved" by respondents' decision? Subdivision a of section 668e–1.0 provides: "Petition. Any person or persons, jointly or severally aggrieved by any decision of the board upon appeal * * * may present to the supreme court" a petition for review. A mortgagee possesses no title to the real estate his mortgage affects (*Packer* v. *Rochester & Syracuse R.R. Co.*, 17 N. Y. 283). His mortgage provides him with a form of security for his loan, regarded as a chose in action (*Trimm* v. *Marsh*, 54 N. Y. 599,

604). It is not difficult to discern a mortgagee's vital interest in happenings and forces — official and unofficial — which enhance or deteriorate (particularly the latter) the real estate pledged to support his loan.

No decision is cited in the briefs which adjudicates the question, "Is a mortgagee an aggrieved person?". Considering the nature of the proceeding and the nature of a mortgage, I cannot regard a mortgagee as an aggrieved person within the meaning of subdivision a of section 668e–1.0. Moreover, this being a statutory proceeding, the burden is upon petitioner to show her right to maintain the suit. She has failed to do so. This proceeding might well be dismissed for want of jurisdiction but it lacks merit in all respects. I will review respondents' action in adopting its amendatory resolution of May 25, 1948.

At the time (1941) when the application was originally filed with respondents, the affected property was zoned in a business district, but, while the application was pending and before it was granted, the affected property was re-zoned into a restricted retail district; action which respondents and the others interested inadvertently overlooked. Respondents had power to grant the variance and the procedure to accomplish that result was the same whether the property under consideration was zoned for business use or for restricted retail use. (§ 7 — introductory paragraph and Instruction Sheet "A"— board of standards and appeals.) The approving resolution, therefore, contained only a formal error. Respondents would have had the right to correct it of its own motion by timely action.

There is no claim at bar that rights had "set" because of the error and prejudice resulted from the correction.

It is petitioner's ambition to require a hearing *de novo* no doubt to bring before respondents at such rehearing opposition which petitioner considers would persuade respondents to deny the application. But there was a hearing (June 17 and July 15, 1947) at which any qualified objector could have objected. Why should there be another when neither the hearing nor the merits of the proceeding is challenged? Petitioner has not been deprived of an opportunity to object to the granting of this variance. Her claim is that she received no notice of the hearing at which the amended resolution correcting the error was adopted on May 25, 1948. Under respondents' procedure, she was entitled to none.

I cannot agree with petitioner's interpretation of the order of KLEINFELD, J. (August 19, 1947). The motion before KLEIN-

FELD, J. was by the intervener herein (who was intervener in the prior proceeding also) " to correct and amend the resolution of the Board (respondents) embodying the determination to be reviewed herein " (supporting affidavit on that motion of Fred S. Yale, annexed to intervener's answer). The supporting affidavit, above referred to, carefully set forth the steps taken before respondents with respect to the application for the variance and pointed out the error contained in the resolution of July 15, 1947. The gist of the motion was that the error be corrected by respondents and that the proceeding be remitted to them for that purpose. That motion was granted. Petitioner stresses the point that when the moving party submitted its proposed order to KLEINFELD, J., it contained the following language:

" Ordered that the said motion be and it hereby is granted; and

" Further Ordered, that this proceeding be and it hereby is remitted to the Board of Standards and Appeals of the City of New York for the purpose of amending and correcting the resolution of said Board of Standards and Appeals, embodying the determination to be reviewed herein ".

And that the court did not sign it but instead signed the petitioner's form which simply provided:

" Ordered, that the said motion be and it hereby is granted; and

" Further ordered, that this proceeding be and it hereby is remitted to the Board of Standards and Appeals of the City of New York."

The only relief sought from KLEINFELD, J., was that asked for in the moving papers. While Special Term has power to send a proceeding back to respondents for reconsideration on the merits under certain circumstances, the fact remains that the court was not asked to do so and actually did not do so. I doubt if on the papers before KLEINFELD, J., that he had the power to remit the proceeding for a hearing *de novo*.

In paragraphs 36 *et seq.* of the petition there is set forth certain correspondence between intervener and respondents concerning the order of KLEINFELD, J., and a further statement that respondents were not aware of the contents of the moving affidavit submitted on the motion by intervener when it was before KLEINFELD, J. This court may not assume that the matter referred to was not known to respondents when they acted. The motions to dismiss this proceeding are granted and the proceeding is dismissed, with costs.